# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2011

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Isicoff, Laurel M. | S.D.Florida - Bankruptcy | 6/19/2012 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| U.S. Bankruptcy Judge - Active | ☐ Nomination Date<br>☐ Initial ☑ Annual ☐ Final<br>5b. ☐ Amended Report | 01/01/2011<br>to<br>12/31/2011 |

**7. Chambers or Office Address**

51 S.W. First Avenue
Room 1411
Miami, Florida 33130

***IMPORTANT NOTES:** The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Insert signature on last page.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | Director, Secretary | The Joseph Samuel Isicoff Memorial Fund, Inc. |
| 2. | Advisory Board Member | Center for Ethics and Public Service, University of Miami School of Law |
| 3. | Board Member | American College of Bankruptcy Foundation |
| 4. | Chair | Public Outreach Committee, National Conference of Bankruptcy Judges |
| 5. | Judicial Director | University of Miami Law Alumni Association |
| 6. | Judicial Co-Chair | The Florida Bar Business Law Section Pro Bono Committee |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☑ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Isicoff, Laurel M. | 6/19/2012 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME *(yours, not spouse's)* |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2011 | ABC/Svinga Bros. Corp. - Salary |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | American Bankruptcy Institute | 2/3/2011 - 2/5/2011 | Grand Cayman, Cayman | Annual Caribbean Insolvency conference - panelist | travel, lodging and food |
| 2. | American College of Bankruptcy | 3/15/2011 - 3/17/2011 | Washington, D.C. | Annual Meeting and installation | travel and lodging |
| 3. | American Bankruptcy Institute | 4/19/201 - 4/21/2011 | Washington, D.C. | Annual Meeting - speaker | travel and lodging |
| 4. | Bankruptcy Bar Association of the Southern District of Florida | 5/10/2011 - 5/13/2011 | Naples, Florida | Annual Educational Retreat | lodging and food and seminar fee |

| Name of Person Reporting | Date of Report |
|---|---|
| Isicoff, Laurel M. | 6/19/2012 |

| | | | | | |
|---|---|---|---|---|---|
| 5. | The Florida Bar - Business Law Section | 9/02/2011 - 9/05/2011 | Naples, Florida | Annual Meeting of Executive Counsel - speaker | travel, lodging and food |
| 6. | National Conference of Bankruptcy Judges | 10/11/2011 - 10/15/2011 | Tampa, Florida | Annual Conference | lodging |
| 7. | American Bankruptcy Institute | 10/11/2011 - 10/15/2011 | Tampa, Florida | Annual Conference - speaker | travel and lodging |
| 8. | Commercial Law League | 10/11/2011 - 10/15/2011 | Tampa, Florida | Annual Conference - speaker | travel and lodging |
| 9. | The Florida Bar - Business Law Section | 11/30/2011 - 12/1/2011 | Ft. Lauderdale, Florida | Mid-year meeting | travel, lodging and food |

| Name of Person Reporting | Date of Report |
|---|---|
| Isicoff, Laurel M. | 6/19/2012 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☐ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | Columbia University | Tuition | None |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Isicoff, Laurel M. | 6/19/2012 |

## VII. INVESTMENTS and TRUSTS — income, value, transactions (Includes those of spouse and dependent children; see pp. 34–60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Regions Bank Accounts | A | Interest | L | T | | | | | |
| 2. New York Coop (y) | | | | | | | | | |
| 3. ABC/Svinga Bros. Corp. common stock | | None | P1 | W | | | | | |
| 4. Ocala Property LLC | | None | M | W | | | | | |
| 5. Brokerage Account #1 | | | | | | | | | |
| 6. - JNJ common stock | A | Dividend | J | T | | | | | |
| 7. | | | | | | | | | |
| 8. -Western Asset Municipal Money Market Fund Class A | A | Interest | N | T | | | | | |
| 9. | | | | | | | | | |
| 10. -I Shares TR MSCI Index Fund | B | Dividend | K | T | | | | | |
| 11. -I Shares Russell Index Fund #1 | A | Dividend | J | T | | | | | |
| 12. -I Shares Russell Index Fund #3 | A | Dividend | K | T | | | | | |
| 13. -I Shares Russell Index Fund #4 | A | Dividend | K | T | | | | | |
| 14. -I Shares Russell Index Fund #5 | A | Dividend | J | T | | | | | |
| 15. -I Shares Russell Index Fund #6 | A | Dividend | J | T | | | | | |
| 16. | | | | | | | | | |
| 17. Brokerage Account #3 | | | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Isicoff, Laurel M. | 6/19/2012 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18. - Davis Gov't Money Mkt Class B | | None | J | T | | | | | |
| 19. | | | | | | | | | |
| 20. Invesco Cash Reserves | A | Dividend | J | T | | | | | |
| 21. - Citibank Account #3 | A | Interest | K | T | | | | | |
| 22. - Citibank Acct. #6 (y) | | | | | | | | | |
| 23. Bank of America Acct. #1 (y) | | | | | | | | | |
| 24. Bank of America Acct. #2 (y) | | | | | | | | | |
| 25. | | | | | | | | | |
| 26. Citibank IRA #1 | A | Interest | J | T | | | | | |
| 27. Citibank IRA #2 | A | Interest | K | T | | | | | |
| 28. | | | | | | | | | |
| 29. Trust #1 (y) | | | | | | | | | |
| 30. - Northern Trust Bank Account (y) | | | | | | | | | |
| 31. | | | | | | | | | |
| 32. Citibank Acct. #4 | | None | J | T | | | | | |
| 33. | | | | | | | | | |
| 34. Citibank Acct. #5 | A | Interest | J | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| | Name of Person Reporting | Date of Report |
|---|---|---|
| | Isicoff, Laurel M. | 6/19/2012 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 35. | | | | | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Isicoff, Laurel M. | 6/19/2012 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Part II - On or about November 22, 2011 I received an email from Fidelity Investments advising me that I was being sent a profit sharing distribution of $82.35 from my Kozyak Tropin & Throckmorton Fidelity account. I responded that I had closed my Fidelity Investments account when I left the firm in February 2006 and had not participated in profits or otherwise with the firm since my resignation on February 13, 2006 immediately prior to my swearing in as a judge. After weeks of wrangling Fidelity Investments refused to accept my return of the funds, and issued a 1099 reflecting the payment to me. Apparently this tiny amount of funds was left when I closed my account. Why that occurred, or why it took six years to advise me of these funds is information to which I am not privy. Thus, I have not reported an interset in any Fidelity Investment Fund for the past six years because I did not know it existed.

Part VII, Line 2 -                                                                                                          . In re-reading the instructions it appears that the              did not need to be listed in this disclosure form so I will remove it from future reports.

Part VII, Line 21 - This should have been removed last year. There is no such account.

Part VII, Lines 23 - 24 - These accounts were closed and an account was opened at another bank. Moreover, the owner of these accounts is no longer a dependent.

Part VII, Lines 29 -30 - This account has been closed.

| Name of Person Reporting | Date of Report |
|---|---|
| Isicoff, Laurel M. | 6/19/2012 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Laurel M. Isicoff**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544